[No. 1553.]

MATT. ZALLNER v. THE STATE.

1. CARRYING WEAPONS—INDICTMENT.—Under the provisions of the Revised Code upon this subject, it is unnecessary that an indictment should allege more than that the defendant did unlawfully carry upon his person, etc., the forbidden weapon. Under former laws the exceptions were contained in the enacting clause, and it was then requisite that each exception should be substantially negatived; but even then it was not necessary for the State to prove these negative averments, they being exclusively matters of defense.

2. SAME.—The defendant set up the exception named in article 319 of the Penal Code, i. e., that the weapon was carried "upon his own premises." The proof was that the premises were in the possession of a tenant of defendant under an unexpired lease, and the lease contained no reservation authorizing the proprietor (the defendant) to enter upon the premises. *Held*, that the defense was untenable. (See the opinion *in extenso* on the question.)

APPEAL from the County Court of Rockwall. Tried below before the Hon. E. C. Heath, County Judge.

A fine of twenty-five dollars was assessed against the appellant for unlawfully carrying a pistol on his person. The opinion sufficiently discloses the case.

*Wood & Charlton*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. In this case two grounds are urged in the motion in arrest of judgment: First, the judgment is not supported by law; and second, the information is insufficient, because it fails to negative the exceptions contained in Article 319 of the Penal Code, with reference to "unlawfully carrying arms."

With regard to the second ground, it was said in *Lewis* v. *The State*, 7 Texas Court of Appeals, 567, "under the provisions of our present Penal Code, regulating the keeping and bearing of deadly weapons, it is unnecessary, in an indictment, to allege more than that defendant did unlawfully carry upon his person, etc., the forbidden weapon. Under former laws the exceptions were contained in the enacting clause, and it was requisite that each should be substantially negatived. It was never necessary to prove these negative averments, they being always held as matters of defense" (citing authorities.)

As to the first proposition, viz., that the judgment is not supported by law, the facts in substance were, that appellant, at the time he was charged with carrying the weapon unlawfully, was so carrying it upon land owned and belonging to himself and brother, but which they had leased to a tenant, and it was in possession of the tenant. The theory of the defense was that the land being his own, it was no violation of law for defendant to carry, or be found carrying, a weapon "upon his own premises," the right to do so being reserved to him by the exception contained in Article 319 of the Penal Code.

It appears from the evidence that he had leased the premises for a year, and the lease, which was in writing, is set forth in the statement of facts. We find in it no reservation which gave him the right, during the term, to enter at will upon the rented premises and use them as he would his own. In the absence of such a reservation, the general rules as to the rights of landlord and tenant would obtain. These are succinctly stated by Mr. Wood, in his standard work on Landlord and Tenant. At section 538, he says: "As has been previously stated, when the

tenant enters into possession of the premises under a lease, the landlord, during the term, parts with all his right of control over the same, except as to injuries affecting his reversionary interests. He has no more right to enter upon the premises, except so far as he has reserved that right in the lease, than a stranger to the title, even though he has covenanted to repair; and if he enters without license from the tenant, he is liable in trespass therefor.    *    *    *    The tenant, during the term, is invested with all the right of control over the premises that the landlord himself would possess.    *    *    *    The landlord's rights as to possession are suspended from the time when the tenant takes possession under his lease, and no right of entry on his part is implied for any purpose, unless specially reserved," etc.    In principle, this same rule was held in *Brumley* v. *The State*, 12 Texas Court of Appeals, 609, where the doctrine announced was that "a tenant in possession of leased premises is the owner thereof, until the expiration of the lease," etc.; and there is nothing in Bell's case, 7 Texas Court of Appeals, 25, which is contradictory of, or militates against, the doctrine.

In this view of the law of the case, we can perceive no error in the action of the court on appellant's application for a continuance, nor in admitting the evidence to which the bills of exception were reserved. There being no error, the judgment is affirmed.

*Affirmed.*